IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
No. 1:02CV01022

ICONBAZAAR, LLC.,           )
                            )
    Plaintiff,              )
                            )
vs.                         )   **PLAINTIFF'S FIRST AMENDED**
                            )   **AND RESTATED COMPLAINT**
AMERICA ONLINE, INC.,       )
                            )
    Defendant,              )
_____)

# I

## THE PARTIES

1.  Plaintiff ICONBAZAAR, LLC ("IB") is a North Carolina limited liability company which owns the copyrights and trademarks, and all related rights to the certain graphic images created by Christopher Ralph, including the image referred to herein as the "dragonfly image."

2.  Plaintiff is informed and believes and thereon alleges that defendant AMERICA ONLINE, INC. ("AOL") is a corporation, with its principal place of business located at 22000 AOL Way, Dulles, Virginia, doing business in the State of North Carolina as a publisher and distributor of online images and CD-ROM discs sufficient to give rise to personal jurisdiction in this forum.

# II

## JURISDICTION AND VENUE

3.  Federal jurisdiction is conferred on this court by 28 U.S.C. § 1338 because this action arises under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.). This court also has

jurisdiction over plaintiff's state law claims under the general supplemental jurisdiction of this court.

4. Venue is proper in this court under 28 U.S.C. § 1391(b) because defendants' conduct results in actionable conduct within the Middle District of North Carolina.

## BACKGROUND ALLEGATIONS

5. IB maintains a website, www.iconbazaar.com, through which it derives the majority of its income. Income comes from two principal sources, the sale of advertising space on its website and through the licensing of graphic images found on its website. All of the images created on IB's website were created by one of IB's founders, Christopher Ralph. IB's website expressly states that any commercial use of any image on its website without obtaining a license and paying the appropriate royalty fee is strictly prohibited.

6. Currently, IB has over 15,000 images created by Mr. Ralph available on its website. One of the images created by Mr. Ralph and the image upon which this suit is based is the image known as the "dragonfly image or DRGFLY02.GIF." The dragonfly image is simply a graphic image of a dragonfly capable of being used as a computer graphic icon.

7. Prior to the institution of this action, Mr. Ralph filed a registration application with the Copyright Office for the dragonfly image. However, due to the processing delays that have arisen following the attacks of September 11, 2001 and the transmission of anthrax through the United States Postal Service, neither Mr. Ralph nor IB has received the registration certificate.

8. Subsequent to the submission of the registration application, Mr. Ralph assigned to IB the exclusive right to use and license the dragonfly image, including the right to bring on

action for any for any and all infringement, whether it occurred prior to or after the date of the assignment.

9. In late 1999, AOL obtained the dragonfly image without IB's knowledge or consent, and began using the dragonfly image as one of the graphic images in its AOL Instant Messenger product ("AIM").

10. With IB's knowledge or consent, AOL copied and incorporated the dragonfly image into Aim version 3.5.1670, which, upon information and belief, was released in November or December of 1999.

11. As part of its release of AIM 3.5.1670 and the then current version of AOL's Internet access program (simply referred to herein as the "AOL Program"), AOL distributed CD-ROM discs containing the AOL Program, part of which was AIM 3.5.1670.

12. Upon information and belief, millions of copies of the AOL Program containing AIM 3.5.1670 were distributed throughout the United States by insertion into newspapers, magazines, and through direct mail solicitation, including magazines and newspapers distributed within the Middle District of North Carolina. Further, AIM 3.5.1670 was made available and distributed to then current AOL customers when such customers logged onto AOL's website, some of which resided at the time of such distribution, within the Middle District of North Carolina.

13. IB's images, including the dragonfly image, are protected by United States Copyright Law.

14. IB has common law copyright and trademark rights in the dragonfly image. The images, including the dragonfly image, are licensed by IB with the strictest care to protect and preserve the reputation and goals of the original author and creator.

15. IB is informed and believes and thereon alleges that defendant AOL has used the dragonfly image without IB's permission or consent.

16. The defendant's use of the dragonfly image plainly reveals that the defendant's misappropriation of the dragonfly image was solely to borrow from and exploit the creative talents of IB to make more commercially viable defendant's internet service without investing the time or talent to create their own computer graphic icon.

## III

## COUNT I

## COPYRIGHT INFRINGEMENT – 17 U.S.C. § 106

17. IB realleges as if fully set forth herein, paragraphs 1 through 16 of the complaint.

18. IB is the exclusive owner of the rights in dragonfly image identified in Exhibit 1 of this complaint. No license or authorization has been granted to defendants to use any of the copyrighted works.

19. IB is informed and believes and thereon alleges that the defendant has willfully infringed this IB copyright with the intent to commercially exploit the dragonfly image to which they have no legal or proprietary rights.

20. By reason of these willful infringements of copyrights, IB has sustained injury, loss an damage to its ownership rights and defendants have unlawfully, unfairly and wrongfully derived and will continue to derive income from these infringing acts. Defendants are being unjustly enriched by its infringement.

21. IB has been damaged by defendant's acts in an amount yet unascertained but to be proven at the time of trial.

22. IB is informed and believes and thereon alleges that defendant's infringing acts have been performed with knowledge of IB's copyrights and that such acts were performed intentionally and willfully.

23. All conditions precedent necessary to the commencement of this action have occurred or have been waived or excused.

IV

## COUNT II

## NORTH CAROLINA STATUTORY UNFAIR COMPETITION

24. IB realleges as if fully set forth herein, paragraphs 1 through 23 of the complaint.

25. IB is the exclusive owner of the common law copyright and trademark rights in the dragonfly image. No license or authorization has been granted to defendant to use any of these marks, or variations thereon.

26. Defendant, with full knowledge that it had no license or authorization to use the dragonfly image has traded on the goodwill associated with such image, even though said use was not authorized by IB.

27. Defendant's use of the dragonfly image constitutes an unfair and deceptive trade practice under North Carolina law, for which plaintiff is entitled to recover punitive damages and treble damages.

28. If such actions on the part of defendants continue, IB will suffer irreparable harm of a continuing nature for which there is no plain, speedy or adequate remedy at law.

# PRAYER

WHEREFORE, IB prays as follows:

1. For injunctive relief, as provided for in 17 U.S.C. § 502, namely for temporary, preliminary and permanent injunctive relief preventing defendants, their officers, agents, servants, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, from directly or indirectly printing, delivering, distributing, selling, transferring, copying, imitating, advertising, marketing, publishing, or making unauthorized use of the dragonfly image, or substantially similar variations thereon;

2. For injunctive relief, as provided for in 15 U.S.C. § 1116, namely for temporary, preliminary and permanent injunctive relief preventing defendants, their officers, agents, servants, employees, and attorneys, and all those persons acting or attempting to act in concert or participation with them, from directly or indirectly printing, delivering, distributing, selling, transferring, copying, imitating, advertising, marketing, publishing, or making unauthorized use of the dragonfly image, or confusingly similar variations thereon, or colorable imitations thereof;

3. That the defendant be required to pay to plaintiff such damages as plaintiff has sustained in consequence of defendant's infringement of said copyright and said unfair trade practices and unfair competition and to account for:

    a. all gains, profits and advantages derived by defendant by said trade practices and unfair competition; and

    b. all gains, profits, and advantages derived by the defendant by his infringement of plaintiff's copyright or such damages as to the court shall appear proper within the provisions of the copyright statutes.

4. That defendant be required to deliver up to be impounded during the pendency of this action all copies of any material in its possession or under its control and to deliver up for destruction all infringing copies and all plates, molds, and other matter for making such infringing copies;

5. That the defendant pay to plaintiff the costs of this action and reasonable attorney's fees to be allowed to the plaintiff by the court;

6. That plaintiff have such other and further relief as is just.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a jury trial for the adjudication of all claims for which a jury trial is available under the Seventh Amendment of the United States.

Respectfully submitted this the 25th day of June, 2003.

Scott K. Tippett
Counsel for Plaintiff
North Carolina State Bar No.: 22488

Of Counsel:
House & Tippett, PLLC
3325 Healy Drive
Winston-Salem, NC 27103
Ph: (336) 768-2225

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing **PLAINTIFF'S FIRST AMENDED AND RESTATED COMPLAINT** upon all parties of record in this action by depositing a copy of the same in the United States mail, with sufficient first class postage thereon to insure delivery to upon all parties to this action, addressed as follows:

For the Defendant:

David Kushner
BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, L.L.P.
P. O. Box 1800
Raleigh, NC 27602
Telephone: (919) 839-0300
Facsimile: (919) 839-0304

This the 25th day of June, 2003.

Scott K. Tippett
Counsel for the Plaintiff
North Carolina State Bar No.: 22488

Of Counsel:
House & Tippett, PLLC
3325 Healy Drive
Winston-Salem, NC 27103
Ph: (336) 768-2225