IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ICONBAZAAR, L.L.C.,            )
                               )
        Plaintiff,             )
                               )
        v.                     )        1:02CV1022
                               )
AMERICA ONLINE, INC.,          )
                               )
        Defendant.             )
                               )

MEMORANDUM ORDER

TILLEY, Chief Judge

This suit arises out of a dispute between Plaintiff Iconbazaar, L.L.C. and Defendant America Online, Inc. ("AOL") regarding AOL's use of a dragonfly image as one of its buddy icons for its instant messenger service. It is before the Court on Defendant's Motion to Award Statutory Attorneys' Fees [Doc. #57] and Defendant's Supplemental Motion for Attorneys' Fees [Doc. #63]. For the reasons set forth below, Defendant's motions for attorneys' fees will be DENIED.

I.

Plaintiff Iconbazaar, L.L.C. is a North Carolina company that owns intellectual property rights in various computer graphic images, or "icons." These images were created by one of Iconbazaar's founders, Christopher Ralph, and subsequently assigned to Iconbazaar. Iconbazaar maintains a website, www.iconbazaar.com, through which patrons may license the use of any of

thousands of these graphic images.

Iconbazaar, filed a Complaint against AOL on November 26, 2002, alleging copyright infringement and state law unfair and deceptive trade practices [Doc. #1]. Specifically, Iconbazaar alleged that AOL used a dragonfly image, DRGFLY02.GIF, in its AOL Instant Messenger program without Iconbazaar's knowledge or consent. AOL's use of the dragonfly image began in November of 1999, when it released a free "beta-version" of its AOL Instant Messenger. The dragonfly image appeared on a help-screen server resident at AOL facilities. The dragonfly icon was not embedded into the program or other materials mailed to, mass mailed to, or downloaded by users. AOL obtained the dragonfly icon from a website that contained a notice that all the images were free to download and were public domain.[1] Nonetheless, after Iconbazaar contacted AOL by email on December 1, 1999, and claimed a copyright interest in the dragonfly icon, AOL removed the image from its website within a time that Iconbazaar admits was reasonable.[2] (Ralph Dep. 87-88.)

The Complaint also included a statement that Iconbazaar had common law

---

[1]Iconbazaar does not dispute that AOL's icon came from this public domain website. However, Iconbazaar alleges that this website wrongfully placed Iconbazaar's dragonfly icon on the website and incorrectly listed the icon as public domain. Thus, AOL was using Iconbazaar's protected image.

[2]AOL did not concede infringement nor use of Iconbazaar's image. AOL informed Iconbazaar that the image was obtained from another site listing it as public domain. Nonetheless, AOL removed the image to avoid further controversy.

trademark rights in the image, and a request for injunctive relief under trademark law, but did not include a separate claim for trademark violations. In an Order filed February 26, 2004, AOL's motion to dismiss the state law and trademark claims was granted, and its motion as to the federal copyright claim was denied [Doc. #20]. On March 25, 2005, AOL's motion for summary judgment on the federal copyright claim was granted [Doc. #21].

AOL filed its first motion for attorneys fees on May 24, 2005 requesting statutory attorneys fees in the amount of $93,727.00. On August 4, 2005, AOL supplemented its motion including the attorneys' fees accumulated during Iconbazaar's appeal to the Fourth Circuit and requested a new total of $106,524.33 in attorneys' fees. To date, Iconbazaar has not responded to either of AOL's motions for attorneys' fees.

II.

AOL's contends it is entitled to reasonable attorneys' fees under § 505 of the Copyright Act. 17 U.S.C. § 505. Section 505 provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

Id. However, "such awards are not to be made as a matter of course but, rather, as a matter of the court's discretion." Superior Form Builders, Inc. v. Dan Chase Taxidermy Supply Co., 74 F.3d 488, 498 (4th Cir. 1996) (citing Fogerty v.

3

Fantasy, Inc., 510 U.S. 517 (1994)). In exercising its discretion, a district court is to consider four factors: "(1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor presented." Superior Form Builders, 74 F.3d at 498.

In this case, these factors are not present. It is undisputed that AOL acted in good faith by removing the icon in a reasonable amount of time. However, there is no evidence that Iconbazaar's acted in bad faith by subsequently bringing its copyright infringement suit for the initial alleged infringement. C.f. id. (upholding district court award of attorneys' fees because defendant's conduct was "outrageous"); ABC, Inc. v. Primetime 24, 67 F. Supp. 2d 558, 563 (M.D.N.C. 1999) (awarding attorneys fees in significant part because defendant actions were "grossly negligent and repeated" and "a mountain of evidence belied [defendant's] protestations of good faith"). Additionally, although summary judgment was granted in favor of AOL, it was not done so on the basis that Iconbazaar's claims were frivolous. C.f. Diamond Star Bldg. Corp. v. Freed, 30 F.3d 503, 506 (4th Cir. 1994) (holding attorneys' fees should be awarded where the district court characterized the infringement action as "a defamation of a copyright case" and referred to the action as "a piece of litigation that should have never been brought"). Here, summary judgment was not entered because Iconbazaar did not

4

have a viable claim against AOL. Rather, the case was dismissed because Iconbazaar failed to provide evidence of actual damages, including any license fees it may be due or evidence of AOL's profits and revenues attributable the use of the dragonfly image. Finally, the assessment of attorneys' fees may be reasonable if it furthers the objectives of the Copyright Act by deterring a party from pursuing frivolous litigation. Id. However, because Iconbazaar's case was dismissed for failure to show actual damages, not for its inability to show actual copying, such deterrence would not be served by an award of attorneys' fees.

Because no other factors are present suggesting an award of attorneys' fees, AOL's motion will be denied.

III.

For the foregoing reasons, AOL's Motion to Award Statutory Attorneys' Fees [Doc. #57] and AOL's Supplement Motion for Attorneys' Fees [Doc. #63] are DENIED.

This the day of May 24, 2006

    /s/ N. Carlton Tilley, Jr.
United States District Judge